U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 1 9 2023

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 6:23-CR-00165-01 |
| | * 21 U.S.C. §§ 841(a) and (b)(1)(B) |
| | * 21 U.S.C. § 853 |
| | * 18 U.S.C. §§ 922(g)(1), 924(a)(2) and |
| | *       924(c) |
| VERSUS | * 18 U.S.C. § 924(d) |
| | * 28 U.S.C. § 2461(c) |
| | * Judge Hicks |
| MONTEL JOSEPH WILRIDGE | * Magistrate Judge Ayo |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

**POSSESSION WITH INTENT TO DISTRIBUTE HEROIN**
**[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)]**

On or about March 6, 2021, within the Western District of Louisiana, the defendant, MONTEL JOSEPH WILRIDGE, did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)].

### COUNT TWO

**POSSESSION OF A FIREARM DURING AND**
**IN RELATION TO A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)]**

On or about March 6, 2021, within the Western District of Louisiana, the defendant, MONTEL JOSEPH WILRIDGE, did knowingly possess a firearm in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, to wit:

Possession with Intent to Distribute Heroin, as alleged in Count One, in violation of Title 18, United States Code, Section 924(c)(1)(A). [18 U.S.C. § 924(c)(1)(A)].

## COUNT THREE

### FELON IN POSSESSION OF FIREARMS
### [18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about March 6, 2021, in the Western District of Louisiana, the defendant, MONTEL JOSEPH WILRIDGE, having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting commerce, the following firearms, to wit:

- One (1) Taurus millennium pistol;
- One (1) Sig Sauger P365 pistol; and
- One (1) Anderson Manufacturer rifle.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). [18 U.S.C. §§ 922(g)(1) and 924(a)(2)].

### FORFEITURE ALLEGATION
### [18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)]

The allegations contained in Couns Two and Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts Two and Three of this Indictment involving violations of Title 18, United States Code, Sections 924(c), 922(g)(1), and 922(g)(5), the defendant, MONTEL JOSEPH WILRIDGE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offenses, including, but not limited to:

- One (1) Taurus millennium pistol;
- One (1) Sig Sauger P365 pistol; and

- One (1) Anderson Manufacturer rifle.

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Code 2461(c). [18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)].

## FORFEITURE ALLEGATION
### [21 U.S.C. § 853]

The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841(a)(1), the defendant, MONTEL JOSEPH WILRIDGE, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

- Approximately thirty-one thousand seven hundred and eighty-five dollars ($31,785.00) in United States Currency.

If any of the property described above, as a result of any act of omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, Untied States Code, Section 853(p). All pursuant to Title 21, United States Code, Section 853. [21 U.S.C. § 853].

A TRUE BILL:

**REDACTED**

FOREPERSON: GRAND JURY

BRANDON B. BROWN
United States Attorney

By:  *[signature]*
CASEY RICHMOND (AR Bar #2018038)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA  70501
Telephone: (337) 262-6618